IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:20CV1105 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| $19,920.00 in U.S. CURRENCY, | : | |
| Defendant. | : | |

## **VERIFIED COMPLAINT OF FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of the defendant property, which was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, or represent proceeds traceable to such an exchange.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant property which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state and federal law.

3. The defendant property is $19,920.00 in U.S. Currency, which was seized on July 17, 2020, in High Point, North Carolina, in the Middle District of North Carolina, and is currently in the custody of the United States Marshals Service.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant property was seized while located in the jurisdiction of this Court, or one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 9th day of December, 2020.

> Respectfully submitted,
>
> MATTHEW G.T. MARTIN
> United States Attorney
>
> /s/ Brandon D. Zeller
> Brandon D. Zeller
> Assistant United States Attorney
> N.C. Bar. No. 50245
> 101 S. Edgeworth Street, 4th Floor
> Greensboro, NC 27401
> Phone: (336) 333-5351
> Email: brandon.zeller@usdoj.gov

# VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
Joshua W. Wolfe
Task Force Officer
Drug Enforcement Administration

# DECLARATION

I, Joshua W. Wolfe, Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Greensboro, North Carolina, hereby state pursuant to Title 28, U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, that the following information is true and correct to the best of my knowledge, information and belief:

1. I am an investigative or law enforcement officer of the United States with the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrest for offenses enumerated in 18 U.S.C. § 2516. I have been a Task Force Officer with DEA since August 2011, and I am currently assigned to the DEA, Atlanta Field Division, Greensboro Resident Office. I have been employed with the High Point Police Department (HPPD) as a sworn police officer since 2001. In October 2005, I was assigned to the Street Crimes Division of HPPD, primarily dealing with street level narcotics. In August 2007, I was assigned to the Vice/Narcotics Unit as a Detective. I have received over two thousand (2,000) hours of law enforcement training. I have received over one hundred and fifty (150) hours of training involving narcotics and fifty (50) hours of criminal interdiction. I have also received over one hundred hours (100) of training involving search and seizure. This training includes but is not limited to: eighty (80) hours of Police Law Institute (PLI) and forty (40) hours of Basic Undercover, and eight (8) hours of Multijurisdictional Counterdrug Task Force Training. In the time that I have been in Law Enforcement I have written at least fifty (50) search warrants and participated in the execution of more than eighty (80) search

GOVERNMENT EXHIBIT A

warrants. I have made over two hundred and fifty (250) drug arrests which resulted in both state and federal prosecutions. I have purchased Cocaine, Crack Cocaine, Marijuana, Heroin, Ecstasy and Methamphetamine "ICE" while acting in an undercover capacity. As a result of my training and experiences, I am aware of the different types of controlled substances and the way controlled substances are packaged, distributed, and sold.

2. This declaration is submitted in support of a Verified Complaint of Forfeiture for $19,920.00 in U.S. currency seized on July 17, 2020, from Darion Javon BAILEY in High Point, North Carolina.

3. Based on the investigation described below, there is probable cause to believe that $19,920.00 in U.S. currency is subject to forfeiture pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.

4. The facts and circumstances set forth in this Declaration are based upon information provided by other law enforcement officers and my own personal knowledge and experience. Since this declaration is being submitted for a limited purpose, I am not including all the facts and information which I have learned about or obtained during the course of the investigation.

5. During the week of July 12, 2020, officers from the HPPD began a drug investigation into the selling of illegal narcotics from Darian Javon BAILEY at his known residence of 313-B Burton Avenue, High Point, North Carolina.

6. Investigator B.C. Hilliard of HPPD organized a controlled purchase with a confidential and reliable informant (CI) at the residence of Darion BAILEY located at 313-B Burton Avenue, High Point, North Carolina. The CI was searched before and after the

2

controlled purchase. A debrief was conducted with the CI after the controlled purchase. The CI informed Investigator B.C. Hilliard that it did not appear that Darion BAILEY lived at the residence located at 313-B Burton Avenue, High Point, North Carolina. The home had very little furniture and the windows were boarded up from the inside. The home appeared to be a "trap house." The CI purchased "crack" cocaine from Darion BAILEY.

7. A second controlled buy was conducted by the same CI a few days later for "crack" cocaine from Darion BAILEY at the residence known as 313-B Burton Avenue, High Point, North Carolina. The CI was searched before and after the controlled buy.

8. During the course of the investigation, Investigator B.C. Hilliard discovered that Darion BAILEY had another address on 3727 Spanish Peak Drive, High Point, North Carolina since July 2019.

9. On July 17, 2020, Guilford County Superior Court Judge John O. Craig, III, granted a search warrant for the residence located at 313-B Burton Avenue, High Point, North Carolina. The search warrant also included Darion BAILEY's vehicle, a 1998 Toyota Camry.

10. On July 17, 2020, at approximately 12:50 pm, officers of the HPPD Street Crimes Unit executed the search warrant at the residence of 313-B Burton Avenue, High Point, North Carolina. Investigator B.C. Hilliard found the residence based upon his training and experience, to be a "trap house." Typically, the individual selling illegal narcotics does not live at the residence and is only present long enough to make drug transactions. In most occasions, an individual selling illegal narcotics will commonly travel with a limited amount of narcotics to sell for that particular day.

11. Through Investigator B.C. Hilliard's training and experience, individuals selling illegal narcotics commonly keep bills, receipts, papers relating to the purchase and distribution of controlled substances, photographs of conspirators, firearms, and the larger portion of controlled substances at their primary residence. Investigator B.C. Hilliard believed that the address on Spanish Peak Drive, High Point, North Carolina is Darion BAILEY's primary residence.

12. On July 17, 2020, Guilford County Superior Court Judge R. Kokjako, granted a search warrant for the residence located on Spanish Peak Drive, High Point, North Carolina. The search warrant also included a 2009 Nissan Altima owned by Jacques BUIE, who resides at the same address on Spanish Peak Drive, High Point, North Carolina.

13. Prior to the search warrant being executed at the Spanish Peak Drive address, officers of the HPPD Street Crimes Unit observed Darion BAILEY leave Spanish Peak Drive residence. Darion BAILEY was stopped driving a 1998 Toyota Camry. Darion BAILEY was arrested during the traffic stop. During the search of the vehicle, officers located marijuana, a Glock gun case and a Glock pistol magazine. Darion BAILEY had keys in his possession to the Spanish Peak Drive residence.

14. HPPD officers also observed Jacques BUIE leave the Spanish Peak Drive residence in a black 2009 Nissan Altima. HPPD Officer S.M. Finn stopped Jacques BUIE and discovered she is the girlfriend of Darion BAILEY and that she resides at the Spanish Peak Drive residence with Darion BAILEY.

15. Officer S.M. Finn escorted Jacques BUIE back to the Spanish Peak Drive residence.

4

16. On July 17, 2020 at approximately 12:45 pm, officers of HPPD executed the search warrant at the Spanish Peak Drive residence. During a search of the residence, a large digital scale covered in white powder, a box of sandwich baggies, and a pack of rubber bands were found in the top left cabinet drawer in the master bathroom. Officers located approximately 1.9 pounds of cocaine in two plastic shopping bags inside a red shoebox located inside the large bottom cabinet in the master bathroom. A marijuana blunt was located in the ashtray found on a couch in the living room, and 2.92 grams of marijuana was found in the couch console.

17. HPPD K-9 Officer Garrison utilized his K-9 partner Jinx to conduct a search of the residence. K-9 Jinx alerted to a stack of Nike shoeboxes in the master bedroom closet. Officer Garrison located a large amount of U.S. currency in one of the Nike shoeboxes. In a different shoebox, a small bag of cocaine (over an ounce) was found. A pack of rubber bands was found in another shoebox in the closet.

18. K-9 Officer Garrison has been employed by the HPPD since March 1995. Officer Garrison was assigned to patrol, Adam Team, upon completion of BLET. In December 1997, he was assigned to the K-9 Unit Criminal Interdiction Team. Officer Garrison became a certified Canine Trainer from Vohne Liche Kennels, Denver, Indiana in 2005. Officer Garrison became the HPPD's Canine Trainer in 2005. Officer Garrison has taught in over 20 Canine Seminars in numerous states. Officer Garrison has taught new handlers as well as trained new dogs in over 12 In-House Handler Schools. The Handler-Schools are a minimum of 120 hours. Officer Garrison has received thousands of hours of canine handler training in the use of a narcotics detection canine. Officer Garrison was

assigned his first dual-purpose police canine in December 1997. Officer Garrison was assigned his fourth dual-purpose canine, K9 Jinx, in October 2019.

19. K9 Jinx is a 4-year old Belgian Malinois, a breed specifically selected for their keen senses and ability to be trained to detect the odor of controlled substances. K9 Jinx has proved to be reliable using her senses to locate narcotic training aids of actual controlled substances, marijuana, powder and crack cocaine, methamphetamine and ecstasy. Officer Garrison trains with K9 Jinx on a weekly basis with other certified trainers. K9 Jinx is certified through National Narcotic Drug Dog Association. The NNDDA requires the handler and his K9 to successfully locate unknown hides of marijuana, cocaine, heroin and methamphetamine. Through her training, K9 Jinx can also detect MDMA or ecstasy. K9 Jinx is trained to sit and stare at the area where she detects the odor of a controlled substance listed above. This behavior is defined as a positive alert or indication. K9 Jinx has reliably detected large amounts of narcotics (marijuana, cocaine, heroin, methamphetamine and ecstasy) and U.S. currency that has been concealed inside automobiles and residential homes since being placed into service. To this date, K9 Jinx has recovered 102.75 grams marijuana, 899.25 grams cocaine and 5.75 grams heroin. K9 K9 Jinx has been credited for 18 criminal apprehensions.

20. HPPD Officer Hilliard contacted me and requested I come to the residence to assist with the investigation.

21. Once at the residence, HPPD Officer Hilliard and I interviewed Jacques BUIE in the kitchen at the Spanish Peak Drive residence. Jacques BUIE advised that she is in a dating relationship with Darion Bailey and that she works full time at Gilbarco

Veeder Root in Greensboro, North Carolina on second shift. Jacques BUIE stated that Darion BAILEY has lived at the Spanish Peak residence since September 2019. Jacques BUIE advised that she has not seen Darion BAILEY in possession of any drugs in the residence other than marijuana. Jacques BUIE stated that Darion BAILEY does not have a consistent job. Jacques BUIE stated "ya'll know what he does." Jacques BUIE would not elaborate on that statement. BUIE advised that the U.S. currency found belonged to Darion BAILEY's.

22. Officer Hilliard interviewed Darion BAILEY at the High Point Police Department. Darion BAILEY advised that he lives at both the 313-B Burton Avenue and the Spanish Peak Drive addresses. Darion Bailey also stated that he has utilities for both residences. Darion BAILEY also admitted that the he has not had a consistent job for several years. Darion BAILEY advised that the majority of the cocaine and money were located in the master bedroom closet. Darion BAILEY advised that the money in the master bedroom was roughly $15,000.00. Darion BAILEY did not want to expand on the amount of cocaine or who sourced the cocaine. Darion BAILEY advised that he had not had consistent job for several years that could explain the large amount of money that was located at the Spanish Peak Drive residence.

23. Darion BAILEY was arrested on state drug charges for Maintaining a Dwelling, Possess Marijuana, Trafficking in Cocaine, Possession with Intent to Sell/Deliver Cocaine, and Possession of Drug Paraphernalia. Darion BAILEY was placed in the Guilford County Jail under a $200,000.00 bond. Those charges are still pending as of the date of the declaration. Jacques BUIE was not arrested on this date.

24. Darion BAILEY has a history of numerous drug-related arrests, charges, and convictions in North Carolina beginning in 2005. He was convicted of misdemeanor and felony marijuana possession in 2006, 2007, 2008, and 2012; felony possession of cocaine in 2007 and 2008; and possession of drug paraphernalia in 2008.

25. On July 20, 2020, Officer Hilliard obtained warrants on Jacques BUIE for Possession with Intent to Sell/Deliver Cocaine, Trafficking in Cocaine, Possession of Drug Paraphernalia, Possession of Marijuana and Maintaining a Dwelling for Controlled Substance. BUIE was located and arrested on July 21, 2020 and placed in the Guilford County Jail under a $50,000.00 bond. Those charges against Jacques BUIE are currently pending.

26. On July 23, 2020, the State Employee's Credit Union (SECU) conducted an official count of the U.S. currency, located in the master bedroom closet during the search of the Spanish Peak Drive residence, and issued a check in the amount of $19,920.00, representing the total of the seized currency. The check was turned over to the U.S. Marshal's Service for deposit to the Seized Deposit Fund Account.

27. DEA adopted the seizure of the $19,920.00 in U.S. currency and began administrative forfeiture proceedings. Notice of the forfeiture proceeding was posted on the internet at [www.forfeiture.gov](www.forfeiture.gov) for a period of thirty days commencing on September 14, 2020 and ending on October 13, 2020. On September 10, 2020, DEA received a claim to the defendant property from Jacques BUIE. Because a claim was filed, the administrative process was terminated and the seizure was referred to the U.S. Attorney's Office for judicial forfeiture.

## CONCLUSION

28. Based upon the foregoing, I am of the opinion that there is probable cause to believe that the $19,920.00 in U.S. currency was furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

This the 8th day of December, 2020.

Joshua W. Wolfe
Task Force Officer
Drug Enforcement Administration